IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

D. L. THOMAS,

Civil No. 10-1090-BR

       Plaintiff,

   v.

ORDER

MARION COUNTY OREGON CIRCUIT COURT,
JUDGE ROBERT C. MILLIKAN, et al.,

      Defendants.

BROWN, Judge.

    Plaintiff brings this civil action *pro se*. Plaintiff alleges Defendants violated his due process rights in connection with a traffic stop and the apparent impoundment of Plaintiff's vehicle. Although not entirely clear from the Complaint, it appears Defendant A&B Towing currently has control of Plaintiff's vehicle and may be preparing to sell the vehicle and Plaintiff' personal property therein. Currently before the court is Plaintiff's "Motion to Impose a Temporary Restraining Order."

1 - ORDER -

## DISCUSSION

Pursuant to Fed. R. Civ. 65(a), "[n]o preliminary injunction shall be issued without notice to the adverse party." Similarly, Fed. R. Civ. P. 65(b) prohibits the entry of a temporary restraining order without notice to the adverse party absent a showing of "the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." The Court may issue a temporary restraining order without written or oral notice to Defendants only if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

Plaintiff's motion for temporary restraining order does not indicate he has served a copy of the motion (or the underlying Complaint, for that matter), on Defendant A&B Towing. Instead, Plaintiff states:

> Regarding Certificate of Service: The Plaintiff submits to the Court that notice to the Defendants is at the question to the Court, Plaintiff is ready to serve notice via electronic means but does not physical/electronic addressing for all declared Defendants.

This is not sufficient. Moreover, Plaintiff does not satisfy the requirements of Fed. R. Civ. P. 65(b)(1)(A). Accordingly, Plaintiff's motion is denied.

## CONCLUSION

2 - ORDER -

Plaintiff's Motion to Impose a Temporary Restraining Order (#4) is DENIED without prejudice to Plaintiff's right to refile the motion curing the deficiencies noted above.

IT IS SO ORDERED.

DATED this <u>20th</u> day of September, 2010.


<u>        /s/ Anna J. Brown        </u>
ANNA J. BROWN
United States District Judge