IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

D.L. THOMAS,

        Plaintiff,

    v.

MARION COUNTY OREGON CIRCUIT
COURT, JUDGE ROBERT C. MILLIKAN,
OREGON STATE DMV, OREGON ASST.
ATTORNEY GENERAL HERBERT LOVEJOY,
CLACKAMAS COUNTY SHERIFF CRAIG
ROBERTS, CLACKAMAS COUNTY DEPUTY
SHERIFF J. EAGLE, A&B TOWING,
and DOES 1-50,

        Defendants.

Civil No. 10-1090-BR

ORDER TO DISMISS

BROWN, Judge.

    Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to an order entered by the Court this date, Plaintiff was granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Complaint is dismissed.  *See* 28 U.S.C. § 1915(e)(2).

    1 - ORDER TO DISMISS -

## BACKGROUND

Plaintiff alleges Defendant Millikan denied Plaintiff the right to a fair trial, in violation of the Fourteenth Amendment, by refusing to grant Plaintiff's request for a continuance in a state court case.  Plaintiff alleges Defendant Lovejoy conspired with Defendant Millikan to deprive Plaintiff of his right to drive.

Plaintiff alleges Defendant Eagle violated Plaintiff's due process rights under the Fourteenth Amendment by making a "racial profiling" stop based on "the supposed infraction of a dirty license plate."  While it is not entirely clear from Plaintiff's Complaint, it appears he also alleges the Clackamas County Sheriff's Department wrongfully seized Plaintiff's vehicle, which is or was stored with Defendant A&B Towing.  Finally, Plaintiff identifies the "Oregon State DMV" as a Defendant in the caption of his Complaint, but does not allege any claims against this Defendant.

By way of remedy, Plaintiff seeks money damages against all Defendants except A&B Towing.  Against this Defendant, Plaintiff seeks an order requiring the return of his vehicle.

**STANDARDS**

When a plaintiff is granted leave to proceed *in forma pauperis*, the court shall dismiss the case at any time if the court determines that:

>   (B)   the action . . .
>
>>   (I)   is frivolous or malicious;
>>
>>   (ii) fails to state a claim on which relief may be granted; or
>>
>>   (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2).

In order to state a claim, Plaintiff's complaint must contain sufficient factual allegations which, when accepted as true, give rise to a plausible inference that Defendants violated Plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

As the Ninth Circuit has instructed however, courts must "continue to construe *pro se* filings liberally and to afford the [prisoner] the benefit of the doubt." *Hebbe v. Pliler*, --- F.3d

3 - ORDER TO DISMISS -

---, 2010 WL 4673711, *3 (9th Cir., Nov. 19, 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this Court supplies the plaintiff with a statement of the complaint's deficiencies. *McGuckin*, 974 F.2d at 1055; *Karim-Panahi*, 839 F.2d at 623-24; *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

To state a § 1983 claim, a plaintiff must allege facts showing the deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law. *L.W. v. Grubbs*, 974 F.2d 119, 120 (9th Cir. 1992); *Collins v. Womancare*, 878 F.2d 1145, 1147 (9th Cir. 1989).

### I. Judicial Immunity

"Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts .... A judge loses absolute immunity only when [the judge] acts in the

clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) (citations omitted); *see also Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam). Judges retain their immunity when they are accused of acting maliciously or corruptly, *see Mireles*, 502 U.S. at 11; *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989), and when they are accused of acting in error, *see Schucker*, 846 F.2d at 1204.

Plaintiff's allegations against Defendant Millikan relate to judicial acts. As such, Defendant Millikan is entitled to absolute immunity and Plaintiff's claim against him must be dismissed.

## II. Prosecutorial Immunity

State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity. *See Kalina v. Fletcher*, 522 U.S. 118, 123-25 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 269-70 (1993). Government civil attorneys are also entitled to absolute prosecutorial immunity. *See Fry v. Melaragno*, 939 F.2d 832, 837-38 (9th Cir. 1991).

It is not clear from the Complaint whether Defendant Lovejoy's alleged violations of Plaintiff's rights occurred in the course of a criminal or a civil proceeding. In any event, it appears this Defendant is also entitled to immunity.

5 - ORDER TO DISMISS -

### III. Sovereign Immunity

It is well established that absent waiver, the Eleventh Amendment bars a suit in federal court against either a state or an agency acting under its control. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *see also Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 63-64, 71 (1989) (state is not a person within the meaning of § 1983). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (quoting *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422-23 (9th Cir. 1991)).

As noted, Plaintiff identifies the "Oregon State DMV" as a Defendant in the caption of his Complaint, but does not allege any claims against this agency. Even if Plaintiff alleged claims, however, they would be barred by sovereign immunity.

### IV. Private Entity

Generally, private parties are not acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). Where a private party conspires with state officials to deprive others of constitutional rights, however, the private party is acting under color of state law. *See Tower v. Glover*,

6 - ORDER TO DISMISS -

467 U.S. 914, 920 (1984); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002).

"To prove a conspiracy between the state and private parties under [§] 1983, the [plaintiff] must show an agreement or meeting of the minds to violate constitutional rights. To be liable, each participant in the conspiracy need not know the exact details of the plan, but each must at least share the common objective of the conspiracy." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (en banc) (citations and internal quotations omitted). Conclusory allegations are insufficient to state a claim of conspiracy. *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003).

Plaintiff does not allege facts supporting a claim that Defendant A&B Towing participated in a conspiracy to deprive Plaintiff of his constitutional rights. Accordingly, Plaintiff's Complaint fails to state a claim against Defendant A&B Towing upon which relief may be granted.

**V. Personal Involvement**

As a general rule, "liability under § 1983 must be based on the personal involvement of the defendant." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Accordingly, "state officials are not subject to suit under § 1983 unless they play an

affirmative part in the alleged deprivation of constitutional rights." *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren*, 152 F3d at 1194. There is no vicarious liability under § 1983 because "[l]iability ... must be based on the personal involvement of the defendant." *Id*. A "supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to prevent them." *Taylor v. List*, 880 F.3d 1040, 1045 (9th Cir. 1989) (citations omitted).

Plaintiff names Clackamas County Sheriff Craig Roberts as a Defendant in the caption of his Complaint. However, Plaintiff does not allege any facts establishing that Sheriff Roberts was personally involved in any deprivation of Plaintiff's rights. Accordingly, Plaintiff fails to state a claim against Sheriff Roberts upon which relief may be granted.

**VI. "Racial Profiling"**

Finally, Plaintiff purports to state a claim for "racial profiling" against Defendant Eagle in connection with a traffic stop in violation of Plaintiff's Fourteenth Amendment due process rights. A claim for racial profiling would not be based upon the

8 - ORDER TO DISMISS -

Due Process Clause of the Fourteenth Amendment. Rather, the correct basis for objecting to intentionally discriminatory application of laws is the Equal Protection Clause. *Trice v. Modesto Police Dept.*, 2009 WL 102712, *8 (E.D. Cal., Jan. 14, 2009) (citing *Whren v. United States*, 517 U.S. 806, 812-13 (1996)). To state a § 1983 claim for violation of the Equal Protection Clause, a plaintiff must show that he was treated in a manner inconsistent with others similarly situated, and that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005).

Here, Plaintiff alleges no facts in support of his claim of racial profiling except to allege that he was the victim of it with respect to Defendant Eagle's traffic stop. He has not alleged facts showing intentional discrimination or differential treatment of others similarly situated. Accordingly, Plaintiff fails to allege a claim against Defendant Eagle upon which relief may be granted.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's complaint is DISMISSED for failure to state a claim. Plaintiff may file an amended complaint, curing the deficiencies noted

9 - ORDER TO DISMISS -

above, within 30 days of the date of this order.  Plaintiff is advised that failure to file an amended complaint shall result in the dismissal of this proceeding, with prejudice.

IT IS SO ORDERED.

DATED this <u>3rd</u> day of December, 2010.

<u>  /s/ Anna J. Brown  </u><br>
ANNA J. BROWN<br>
United States District Judge

10 - ORDER TO DISMISS -